IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| Trend Intermodal Chassis Leasing, Inc., | * | |
| Plaintiff, | * | Civil Action No. |
| v. | * | |
| U S 1 Intermodal L.L.C., | * | IN ADMIRALTY |
| Defendant, | * | |
| and | * | |
| Bruzzone Shipping, Inc., | * | |
| UPS Supply Chain Solutions, Inc. | * | |
| TD Bank, National Association, | * | |
| Garnishees. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF**
**<u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Trend Intermodal Chassis Leasing, Inc. ("Trend") brings this action against U S 1 Intermodal L.L.C. ("US 1") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees named within, stating as follows:

**<u>Jurisdiction and Venue</u>**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3.      Venue is also proper in this District because Defendant's property is or soon will be in this District.

4.      Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5.      Trend is a corporation, duly organized under the laws of the State of Delaware. Trend provides term leases of marine equipment, including marine chassis, for the movement of cargo in maritime commerce, including to defendant for delivery of marine cargo to consignees, to and from ports of the United States.

6.      U S 1 is a corporation, duly organized under the laws of the State of New Jersey. U S 1 provides intermodal transportation of marine chassis and containers for delivery of marine cargo to consignees.

7.      Garnishee Bruzzone Shipping Inc. is an entity with offices or agents located in this District which, on information and belief, Trend reasonably believes holds accounts which are the property of and/or owing to U S 1.

8.      Garnishee UPS Supply Chain Solutions, Inc. is an entity with offices or agents located in this District which, on information and belief, Trend reasonably believes holds accounts which are the property of and/or owing to U S 1.

9.      Garnishee TD Bank, National Association is an entity with offices or agents located in this District which, on information and belief, Trend reasonably believes holds accounts which are the property of and/or owing to U S 1.

### Facts

10.     Trend and US1 entered into Master Equipment Lease Agreement ("MELA") on December 1, 2015.

11.     Trend and US1 entered into a Chassis Lease Agreement, which incorporated the terms and conditions of the MELA, on or about December 1, 2015, with a 5-year term (the "First Lease").

12.     Trend and US1 entered into a second Chassis Lease Agreement, which incorporated the terms and conditions of the MELA, on or about August 1, 2016, for a 3-year term (the "Second Lease").

13.     Pursuant to both the First Lease and Second Lease, US 1 leased multiple chassis units.  Each leased unit carried a per diem rental rate commensurate with the unit type.

14.     US 1 fell behind in payment of the monthly rental charges for the leased units.  To reduce US 1's exposure, Trend took back a number of the leased units.

15.     US 1 currently has thirteen units leased under the First Lease: seven 40'/45' chassis; one 40'/45' chassis with genset plug; and five 20'/20' chassis.

The per diem rental charge for the 40'/45' chassis is $10.50, and for the 20'/40' chassis is $14.25.

16.     US 1 currently has eleven units leased under the Second Lease: ten 40'/45' chassis; one 40'/45' chassis with genset plug.

The per diem rental charge for ten of the 40'/45' chassis is $9.50, and for the eleventh is $7.80.

17.     US 1, however, has not paid the monthly rental charges for the units they still have (under both the First Lease and Second Lease) for the period May 2019 through September 2019. The aggregate past due amount totals $53,279.35.

Additionally, pursuant to Section 11 of the MELA, US 1 shall pay all "attorneys' fees, court cost and other expenses" incurred by Trend for the collection of the outstanding balances due. Anticipated fees, costs and expenses are $20,000.

WHEREAS, US 1 has breached the terms of the First Lease and Second Lease by its failure to pay the amounts due, judgment should be entered against US 1 and in favor of Trend in the amount of $73,279.35.

### Count I – Breach of Maritime Contract

18. Trend incorporates the above paragraphs as if fully set forth herein.

19. US 1 breached its maritime contract with Trend as set out above. Despite repeated demand, Trend remains unpaid.

20. Trend therefore demands judgment, as set out more fully below.

### Count II - Maritime Attachment and Garnishment (Rule B)

21. Trend incorporates the above paragraphs as if specifically set forth herein.

22. Trend seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration.

23. No security for Trend's claims has been posted by US 1 or anyone acting on its behalf to date.

24. US 1 cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named within.

### Prayer for Relief

WHEREFORE, Trend prays:

A. That in response to Count I, judgment be entered against US 1 Trucking, Inc., and in favor of Trend Intermodal Chassis Leasing, Inc., in the amount of at least USD 73,279.35;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process

- 5 -

of Maritime Attachment and Garnishment pursuant to Rule B attaching all of US 1's tangible or intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure Trend's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

      D.      That this Court award Trend such other and further relief that this Court deems just and proper.

Dated:  September 13, 2019.

                                 /s/ J. Stephen Simms
                                 J. Stephen Simms (#4269)
                                 Simms Showers LLP
                                 201 International Circle, Suite 250
                                 Baltimore, Maryland 21030
                                 Telephone:     410-783-5795
                                 Facsimile:     410-510-1789
                                 jssimms@simmsshowers.com

                                 Attorneys for Trend Intermodal
                                 Chassis Leasing, Inc.

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in the District of Maryland, and of the Maryland State Department of Assessments and Taxation. There is no record of any general or resident agent authorized to accept service of process for U S 1 Intermodal L.L.C. in this District.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

>Executed on September 13, 2019.

>/s/ J. Stephen Simms
>J. Stephen Simms